FILED

2013 JUL 16 PM 3: 47

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

SOUTHEASTERN METALS
MANUFACTURING COMPANY, INC.,

Plaintiff,

CASE NO. 3:13CV-844.J-34mCR

v.

STAMPCO, INC.,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Southeastern Metals Manufacturing Company, Inc. ("Plaintiff" or "SEMCO"), for

its complaint against defendant Stampco, Inc. ("Stampco" or "Defendant"), alleges as follows:

### PARTIES

1.      Plaintiff is a corporation located at 11801 Industry Drive, Jacksonville, Florida 32218.

2.      Upon information and belief, Defendant **Stampco** is Florida corporation with a place

of business located at **2930 Mercury Road Jacksonville, Florida 32207.**

### JURISDICTION AND VENUE

3.      This is an action for pecuniary and injunctive relief from patent infringement arising

under the patent laws of the United States, Title 35 of the United States Code §§ 1 *et. seq.*

6.      This Court has jurisdiction over the subject matter of this action as provided for in 28

U.S.C. §1331 and §1338.  Venue is proper in this District pursuant to 28 U.S.C. §1391 and §1400.

7.      Upon information and belief, this Court has jurisdiction over Defendants because

Defendant is located in this District.

1

PDF created with pdfFactory trial version www.pdffactory.com

## FACTUAL BACKGROUND

8.    This is an action for infringement of United States Letters Patent Number 7,044,852 ("the '852 Patent" or "Plaintiff's Patent"), pursuant to the Patent Act.

9.    Plaintiff is the owner of the '852 Patent for an "Off-Ridge Roof Vent."

10.   The '852 Patent originally issued on May 16, 2006 and on June 3, 2013 received certificate of re-examination. A copy of the Certificate of Re-examination of the '852 Patent is attached hereto as Exhibit "A."

11.   Plaintiff's off ridge roof vent products covered by the claims of the '852 Patent are marked with the '852 Patent number.

12.   Plaintiff, among other things, is in the business of manufacturing and selling metal building components including roof vents.

13.   Upon information and belief, Defendant, among other things, are in the business of manufacturing and selling metal building components including roof vents.

14.   Plaintiff has become aware of Defendant's sale of off ridge roof vents including, but not limited to, "Stampco Ventilator," an off ridge vent with deflector, infringing on one or more claims of the '852 Patent.

15.   Upon information and belief, Defendant continues to sell the infringing vents.

16.   Upon information and belief, Defendant willfully infringes one or more claims of the '852 Patent.

## INFRINGEMENT OF THE '852 PATENT

17.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 16 as if fully set forth herein.

18.   Pursuant to 35 U.S.C. § 282 the '852 Patent is presumed valid.

2

PDF created with pdfFactory trial version www.pdffactory.com

19.     Defendant's activities constitute infringement of one or more claims of the '852 Patent.

20.     Upon information and belief, Defendant will continue to infringe the '852 Patent unless enjoined by this Court.

21.     As a result of Defendant's infringing conduct, Plaintiff has been irreparably damaged to an extent not yet determined and Plaintiff will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court.

22.     The infringement of the '852 Patent has injured the Plaintiff.  Plaintiff is entitled to recover damages in an amount that adequately compensates Plaintiff for Defendant's infringement, which, in no event, can be less than a reasonable royalty.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.      That Defendant be declared to have infringed, induced others to infringe, and/or committed acts of contributory infringement, with respect to the claims of '852 Patent;

B.      That Defendant, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors, and all others in active concert or participation with them or acting on their behalf be permanently enjoined from further infringement of the '852 Patent;

C.      That Defendant be ordered to account for and pay to Plaintiff all damages caused to Plaintiff by reason of Defendant's infringement of the '852 Patent pursuant to 35 U.S.C § 284, including enhanced damages;

3

PDF created with pdfFactory trial version www.pdffactory.com

D.    That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '852 Patent;

E.    That this matter be declared an "exceptional case" pursuant to 35 U.S.C. § 285 and that Defendant be ordered to pay Plaintiff's attorney fees and costs; and

F.    That Plaintiff is granted such other and further relief as the case may require and the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Fed. R. Civ. P., Plaintiff demands a jury trial for all issues triable of right by a jury in this case.

Dated: July 16, 2013               Respectfully submitted,

By:/s/ Lorri Lomnitzer
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
Meredith & Keyhani, PLLC
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct:    (561) 953-9301
Fax:      (561) 953-3455

And
By:/s/ Dariush Keyhani
Dariush Keyhani, Esq. *(Pro Hac Vice to be pending)*
dkeyhani@lippes.com
LIPPES, MATHIAS, WEXLER & FRIEDMAN, LLP
665 Main Street, Suite 300
Buffalo, New York 14203
Telephone: 716-898-8938

4

PDF created with pdfFactory trial version www.pdffactory.com